Olive L. HOFFMAN, Plaintiff-Respondent,

v.

**MAPLEWOOD BAPTIST CHURCH,**
a Corporation, Defendant,
and
David F. Crossen, Administrator ad Litem of
the Estate of Emil Ritter, Deceased,
Defendant-Appellant.

No. 31832.

St. Louis Court of Appeals.

Missouri.

Nov. 15, 1966.

Jesse L. Renderer, St. Louis, for defendant.

David F. Crossen, Clayton, for defendant-appellant.

Isaac E. Young, Maplewood, for plaintiff-respondent.

WOODSON OLDHAM, Special Judge.

Plaintiff Olive L. Hoffman filed suit to reform a note and deed of trust executed by defendant, Maplewood Baptist Church, to Emil· Ritter, now deceased, and Olive L. Hoffman in the sum of $19,000.00 from tenancy in common to joint tenancy with right of survivorship. Plaintiff was one of the co-executors of the estate of Emil Ritter and since the other co-executor was not joined, defendant David F. Crossen was appointed administrator ad litem of the estate of the said Emil Ritter, was permitted to intervéne in said suit, filed answer and has appealed from the decree of the court reforming the note and deed of trust in favor of plaintiff as prayed in the petition. It is agreed, and the Court so finds, that the amount involved was $9500.00 and that this Court has jurisdiction of this appeal.

Plaintiff's first amended petition alleges in substance, that plaintiff was a niece of Emil Ritter, deceased, and for several years prior to the death of said Emil Ritter, "cared for the deceased and took care of his household, personal and business affairs." As a result of the relationship of the parties and the services rendered the deceased agreed to make the plaintiff a joint tenant

with the deceased on a proposed note and deed of trust to be executed by the defendant church securing the balance due said deceased in connection with a sale of real estate by deceased to said defendant. It was alleged that deceased stated, prior to and at the time of the sale of the real estate and execution of the note and deed of trust, that the note and deed of trust were to be made out in the names of said Ritter and plaintiff with the right of survivorship and that the proceeds of the note were to go to plaintiff in case of death of said Ritter. It was further alleged that the note and deed of trust were made out at the direction of the attorney of the defendant church and its pastor, typed by a clerk in the office of the church and executed by said defendant church prior to the time that it was delivered to said Ritter. That the note and deed of trust were made out in the names of Emil Ritter and Olive L. Hoffman but inadvertently failed to include any provision for survivorship in favor of plaintiff in the event of the death of the said Ritter as previously agreed between the parties. It was further alleged that the parties mistakenly assumed that the note provided that the proceeds of the note would be paid to the survivor of Ritter and Hoffman and that the mistake existed at the time of the execution and delivery of the note to Ritter and that plaintiff did not learn that the wording of the note was contrary to the agreement until after the death of said Ritter. Plaintiff alleged that she was the holder of the note and deed of trust and has had possession since the execution thereof and prayed that the note and deed of trust be reformed so as to make plaintiff a joint tenant with right of survivorship therein.

The answer of the defendant church admitted the allegation of the petition while the answer of defendant Crossen, administrator, in effect admitted the execution of the note and deed of trust to Emil Ritter and Olive L. Hoffman but denied the other allegations of the petition.

We approach the consideration of the evidence in this case fully aware that while we try a suit in equity de novo and reach our own conclusion as to the weight of the evidence: Allen v. Smith, Mo.App., 375 S.W.2d 874, 880; Hampton v. Niehaus, Mo., 329 S.W.2d 794, 800; Trotter v. Trotter, Mo., 316 S.W.2d 482, 484; Masterson v. Plummer, Mo.App., 343 S.W.2d 352, 354; and that the inconsistencies and conflicts in the oral testimony were for the trial chancellor; Allen v. Smith, supra 880; Ethridge v. Perryman, Mo., 363 S.W.2d 696, 701; we are required to and do follow the admonition that due regard should be given to the superior opportunity of the trial chancellor to pass upon and judge the "credibility and characteristics of the witnesses who testified before him." V.A.M. R. Rule 73.01(d); V.A.M.S. 510.310, subd. 4; Allen v. Smith, supra 880; Peine v. Sater, Mo., 289 S.W.2d 101, 102; Cull v. Pfeifer, Mo., 307 S.W.2d 424, 428; Spaeth v. Larkin, Mo., 325 S.W.2d 767, 771. We are further aware that if we became convinced, upon consideration of all the evidence, that a wrong decision has been made, we should not affirm the judgment. Kansas City Assemblage Co. v. Lea, Mo. App., 405 S.W.2d 241, 247 and cases there cited.

Since this case is heard de novo by this Court and we have the right to reach our own conclusions as to the weight of the evidence, as above stated, we are considering the evidence for the purpose of this appeal, as if all of defendants' objections as to the admission of testimony should have been sustained (without so deciding) and further are considering the evidence as if all the testimony of plaintiff herself had been refused or stricken (without deciding that all of such testimony was actually inadmissible). We are further considering, for the purpose of this appeal, that the trial court improperly considered testimony that was inadmissible and improper as shown by the Findings of Fact and Law of the trial court, as claimed by defendant, and

are considering only the evidence properly admitted or not objected to.

The evidence of the plaintiff, there being no evidence offered by defendants, was to the effect that Emil Ritter, now deceased, owned certain property which defendant, Maplewood Baptist Church, desired to purchase. Rev. Kellogg, pastor of defendant church, started trying to acquire the property in the fall of 1959 when Ritter placed a sign in his yard that the property was available for sale. During the negotiations which ultimately culminated in the sale of the property Ritter asked the representatives of the church that it be arranged for the property to be paid for to him and plaintiff, Mrs. Hoffman, jointly. An earnest money contract was signed which the witnesses thought was in the names of Ritter and Hoffman.

On Saturday, July 17, 1961, Ritter notified Kellogg that he was ready to close the deal and Kellogg got the attorney for the church to make out the deed, note and deed of trust. Kellogg told the attorney to make the note and deed of trust in the names of both Ritter and Hoffman which was done. On the same day Mr. Claude Brown, Chairman of the Board of Trustees of the church, executed the note and deed of trust on behalf of the church and Brown, Kellogg and Mrs. Hoffman went to the nursing home where Ritter was being cared for, paid Ritter $5000.00, delivered the note and deed of trust and received the deed executed by Ritter.

The testimony of witnesses Claude Brown and Rev. Kellogg was to the effect that at the time of the delivery of the note and deed of trust Ritter read a part of the deed of trust and that Kellogg and Hoffman read parts of it to Ritter and explained it to Ritter. Both witnesses stated that Ritter stated that in the event anything happened to him the proceeds of the note were to go to plaintiff. Both also stated that Ritter asked whether, if anything happened to him, the proceeds of the note would be paid to plaintiff and that

Kellogg showed him that both names were on the instruments and assured him that such would be the case. Upon such assurance Ritter said that he was satisfied that the instruments were as he wanted them and Ritter then executed the warranty deed, delivered it to Kellogg and Brown and accepted the note and deed of trust which he then handed to plaintiff and instructed her to take care of them. During the conversation concerning the note and deed of trust Ritter asked plaintiff if she understood them and if they were as they, Ritter and plaintiff, had discussed and if they were properly drawn, to which plaintiff answered in the affirmative.

Brown and Kellogg both testified that they understood and intended that by making the note and deed of trust in the names of both Ritter and Hoffman the entire proceeds would go to plaintiff Hoffman in the event Ritter died before Hoffman and that Kellogg had them so drawn because of the insistence by Ritter that they be drawn so the proceeds would go to Hoffman in the event anything happened to Ritter.

From the testimony above set out it is apparent that Ritter intended that the note and deed of trust be made to him and Mrs. Hoffman jointly with right of survivorship and not as tenants in common. It further is apparent that all the parties, including Olive L. Hoffman, mistakenly assumed that by making the note payable to Emil Ritter and Olive L. Hoffman and by including the name of Olive L. Hoffman in the deed of trust, they were creating a joint tenancy with right of survivorship in Hoffman in accordance with the agreement between Ritter and Kellogg acting on behalf of defendant church and further in accordance with the understanding between Ritter and Hoffman (referred to in the conversations at the time the note and deed of trust were delivered).

Where it is contended, as here, that the written instrument, by mutual mistake, does not express the true intention of

the parties, the preceding agreement, not only may be shown, but must be shown in order to afford relief in an action to reform the instrument; Zahner v. Klump, Mo., 292 S.W.2d 585; Feeler v. Gholson, Mo., 71 S.W.2d 727; Snider v. Miller, Mo. App., 352 S.W.2d 161; and the evidence must be so clear, convincing and complete as to exclude all reasonable doubt in the mind of the Chancellor; Walters v. Tucker, Mo., 308 S.W.2d 673; Snider v. Miller, supra; the mistake must be mutual to all parties to the instrument and both must have done what neither intended; Walters v. Tucker, supra; Snider v. Miller, supra; State ex rel. State Highway Commission v. Schwabe, Mo., 335 S.W.2d 15.

We think the rule applicable to the evidence in this case is concisely stated in Allen v. Smith, supra, loc. cit. 880, 881 as follows:

"Numerous cases announce and apply the settled doctrine that, to establish a mutual mistake in an instrument, it is not necessary to show that the parties theretofore had agreed upon any particular words or language to be used in the instrument, but it is sufficient to show that they agreed to accomplish a particular object by the instrument to be executed and that such instrument, as executed, is insufficient to effectuate their intention. General Refractories Co. v. Howard, 328 Mo. 1139, 44 S.W.2d 65, 66(2); Wolz v. Venard, 253 Mo. 67, 82, 161 S.W. 760, 764; Williamson v. Brown, 195 Mo. 313, 332, 93 S.W. 791, 796; Snider v. Miller, Mo.App., 352 S.W.2d 161, 165(8); Bryan v. Medical West Bldg. Corp., Mo.App., 345 S.W.2d 389, 396. True, the burden rests upon one seeking reformation to establish his case by clear, cogent and convincing evidence. City of Warsaw v. Swearngin, Mo., 295 S.W.2d 174, 181(7); City of New York Ins. Co. v. Stephens, Mo., 248 S.W.2d 648, 651(2); Bryan, supra, 345 S.W.2d loc. cit. 395(1). * *

"In court-tried cases, we are under the broad general injunction that the judg-ment nisi should not be set aside unless clearly erroneous [V.A.M.R. Rule 73.01 (d); V.A.M.S. § 510.310(4); Southern Reynolds County School Dist. R–2 v. Callahan, Mo., 313 S.W.2d 35, 38(3); Erickson v. Greub, Mo., 287 S.W.2d 873, 874(1)]; and, as the courts have put it in other suits for reformation, the chancellor's finding 'will be sustained unless the proof is palpably insufficient in clarity and cogency to warrant the finding made by him.' City of Warsaw, supra, 295 S.W.2d loc. cit. 182(9); Ethridge, supra, 363 S.W.2d loc. cit. 698(3); Snider, supra, 352 S.W.2d loc. cit. 162(2). See also Cossairt v. Reich, Mo., 370 S.W.2d 291, 294(2). * * *"

It seems abundantly clear from the evidence above set out that Ritter and Kellogg discussed on several occasions the intention of Ritter that the proceeds of the note were to go to plaintiff in the event anything happened to Ritter and that they agreed that the note and deed of trust were to be drawn in such manner. It is also clear that Ritter, acting on his own behalf, and Kellogg and Brown, acting on behalf of the defendant church, understood that the note and deed of trust were so drawn as to provide that the proceeds of the note would go to plaintiff. It is not so clear, but may be inferred from the testimony as to the conversations at the time of delivery of the note and deed of trust, that Ritter and plaintiff had had conversations prior to the delivery of the note and deed of trust concerning plaintiff's interest in said instruments and the effect of putting both their names on said instruments. It is clear (without referring to any of the testimony given by plaintiff herself) that she and Ritter shared the same understanding as to the effect of making the said instruments payable to Ritter and Hoffman. It is also clear (without referring to his testimony) that Mr. Renderer, attorney for the defendant church, was told to draw the instruments so that plaintiff would receive the entire proceeds in the event anything happened to Ritter and failed to properly prepare the in-

struments. In other words, the evidence is clear that all the parties intended to accomplish the result of making the note and deed of trust payable jointly to Ritter and Hoffman with right of survivorship and by mistake failed to accomplish that intention.

■ It would seem unnecessary to detail further facts and applying the above principles we necessarily affirm the finding of the trial judge on the basic issue of mutual mistake.

■ Defendant claims that the plaintiff's testimony discloses existence of a fiduciary relationship between deceased Emil Ritter and plaintiff Olive L. Hoffman at the time the note and deed of trust were drawn rendering said instruments presumptively void under the law. This contention *is raised for the first time in defendant's* brief on appeal and was not pleaded or contained in, or referred to, in the motion for new trial. We think it necessary only to refer to V.A.M.R. Civil Rule 79.03 and Allen v. Smith, supra, 375 S.W.2d 882, and cases there cited, to hold that this claim, not having been "presented to or expressly decided by the trial court" presents nothing to be ruled or decided in this court. However, in response to defendant's claim that since the prayer of plaintiff's petition was for general relief, and the equity court having acquired jurisdiction, full and complete justice should be administered even though a new issue was injected by the evidence, we have considered all the evidence (including that which defendant objected to and which we did not consider above) and do not find that there is evidence of a fiduciary relationship as claimed, which justifies the remand of the case for a new trial.

As above stated, we conceded for the purpose of this appeal, defendant's contentions that the trial court erred in its Findings of Fact and Law and that the trial court erred in the admission of testimony objected to by defendant; but, since upon considera-

tion of the case de novo, as we are required to do, eliminating errors of the trial court, and arriving at our own findings as to the facts and law, as we are required to do, and being mindful of the admonition that the judgment should not be set aside unless clearly erroneous, Bank of Williamstown v. Hiller, Mo.App., 266 S.W. 1031, 1032; Dreckshage v. Dreckshage, 352 Mo. 78, 176 S.W.2d 7; Harriford v. Harriford, Mo. App., 336 S.W.2d 113, 117; Rothweiler v. Callicott, Mo.App., 322 S.W.2d 151, 154; Cammisano v. Hartford Livestock Ins. Co., Mo.App., 351 S.W.2d 208, 209; we have arrived at the same conclusions as the trial court.

In the case of Bank of Williamstown v. Hiller, Mo.App., 266 S.W. 1031, 1032 it is said:

"We think it is clearly demonstrated by the facts in evidence in this case that the verdict and judgment was for the right party, and, this being an action in equity, it is our duty to follow the general rule that, where improper testimony has been admitted in a proceeding in equity, we review the entire record, and will not reverse a judgment on that ground if there is sufficient competent testimony in the record to authorize the judgment in question. It is our duty under such circumstances to disregard the incompetent testimony, and render such a judgment as equity and good conscience authorizes under the pleadings and relevant testimony. Bryant v. Shinnabarger, 285 Mo. 484, 227 S.W. 54; Koger v. Black (Mo. Sup.) 229 S.W. loc. cit. 905; Rinkel v. Lubke, 246 Mo. loc. cit. 392, 152 S.W. 81; Badaracco v. Badaracco, (Mo.Sup.) 202 S.W. loc. cit. 374."

We, therefore, do not feel it necessary to discuss specifically any such errors, although we have considered them carefully, together with defendant's contentions and the authorities cited in connection therewith. Any such errors, in view of our findings, are not prejudicial to defendant, and since further consideration thereof

could not possibly warrant a different decision than we have made on the record before us, Kansas City Assemblage Co. v. Lea, supra, p. 248, we feel the judgment and decree of the trial court should be affirmed.

Accordingly, the judgment and decree of the trial court reforming the note and deed of trust, referred to in said decree, to make the same payable to Emil Ritter and Olive L. Hoffman as joint tenants, with right of survivorship, and finding that Olive L. Hoffman, as the survivor of said parties is entitled to the entire proceeds of said note, subject to the terms and conditions thereof, is affirmed.

WOLFE, P. J., and ANDERSON, J., concur.