In re ESTATE of Emil RITTER, Deceased.

Hugh L. CRABILL, Coexecutor, Appellant,

v.

Olive Lucille HOFFMAN, Coexecutrix, Respondent.

No. 55117.

Supreme Court of Missouri, Division No. 2.

Feb. 8, 1971.

George W. Curran, Michael J. Doherty, St. Louis, for appellant.

Isaac E. Young, Maplewood, for respondent.

STOCKARD, Commissioner.

This case originated in the Probate Court of St. Louis County by the issuance of a citation at the request of appellant herein, the coexecutor of the estate of Emil Ritter, in which respondent, the coexecutrix, was charged with concealment of assets of the estate. The probate court ruled adversely to appellant, an appeal was taken to the Circuit Court of St. Louis County and that court affirmed the probate court. An appeal to this court then followed.

Respondent admits she has or had possession of the disputed items, but claims that she is the owner by reason of completed gifts from Emil Ritter during his lifetime. These items of property are (1) a $7,000 note secured by a deed of trust, two accounts each in the amount of $10,000, (2) one in the Maplewood Savings and Loan Association and (3) the other in the St. Louis Federal Savings and Loan Association, (4) an account in the amount of $6,647.15 in the Maplewood Bank and Trust Company, and (5) a note in the face amount of $19,000 secured by a deed of trust. As noted subsequently, item (1) was endorsed by Mr. Ritter and given to respondent who placed it in her safe deposit box. Items (2), (3) and (4) appear to have been in the names of Mr. Ritter and respondent as "joint accounts." Item (5) was reformed by judgment of the circuit court to show Mr. Ritter and respondent as joint owners with right of survivorship.

Appellant's first point is that the trial court erred in refusing evidence offered by him which "would prove the existence of a fiduciary relationship between the respondent and the decedent at the time certain gifts were made, and [which would] establish claimed gifts to be estate assets." The trial court sustained an objection to the evidence on the basis that the issue was res judicata.

This contention calls for reference to Hoffman v. Maplewood Baptist Church, Mo.App., 409 S.W.2d 247. In that case the respondent herein brought suit against the Maplewood Baptist Church, in which an administrator ad litem of the estate of Emil Ritter was permitted to intervene as a defendant, to reform a note, executed by the church and payable to Emil Ritter and respondent, to have the note reformed to show the payees to be joint tenants instead of tenants in common. The judgment of the trial court was that the note be so reformed. The administrator ad litem appealed, and the St. Louis Court of Appeals affirmed. The note that was the subject of that suit is the same note constituting item 5 referred to previously.

In its opinion the St. Louis Court of Appeals noted that in appellant's brief to that court the administrator ad litem raised for the first time the contention that a fiduciary relationship existed between Emil Ritter and the plaintiff, Olive L. Hoffman, but even so the contention was considered, and it was ruled that the appellate court did "not find that there is evidence of a fiduciary relationship as claimed, which justifies the remand of the case for a new trial."

We consider it unnecessary to rule the question of whether the issue of the existence of a fiduciary relationship between Mr. Ritter and respondent is res judicata. In the pending case appellant made an offer of proof consisting of questions and answers on the issue of a fiduciary relationship of 21 pages in the

transcript. In addition, other evidence was presented on the issue, particularly during the testimony of respondent. The trial court expressly found that respondent "did not exercise any undue influence upon Emil Ritter, there was no fiduciary relationship or relationship of trust and confidence existing between them." Appellant does not now contend that any evidence other than that admitted or set forth as in the offer of proof was excluded. In this case, tried before the court without a jury, we review the evidence in this case, and in doing so we may review and consider that contained in the offer of proof, and reach our own conclusions. Trotter v. Trotter, Mo., 316 S.W.2d 482; Hampton v. Niehaus, Mo., 329 S.W.2d 794. When we do so we are compelled to reach the same conclusion as the trial court. The evidence shows a business relationship between Mr. Ritter and respondent and that she expended much time and effort in helping Mr. Ritter's wife when she was ill, and later in helping Mr. Ritter when he was ill. However, Mr. Ritter made his own decisions and exercised his own judgment in his business and financial affairs. Under these circumstances we find no prejudice to appellant resulting from the view of the trial court, whether it was correct or not, that the issue of a fiduciary relationship was res judicata.

This conclusion disposes of appellant's second point in which it is asserted that the trial court failed "to give due weight to such evidence as was admitted in support of proof of a fiduciary relationship * * *."

Appellant's third point is that the trial court erred "in finding that the respondent did not conceal any of the properties averted to as estate assets which are claimed as gifts, the evidence shows concealment."

In the argument under this point appellant lists six contentions which we will set forth in summary form but with sufficient detail to state completely the contention advanced.

1. In answer to a question asked by interrogatory whether respondent had possession or control of books and records of decedent showing transfers during decedent's lifetime of property to others without adequate or full compensation, she replied that she had none. Appellant argues that this answer was not correct because (a) she had in her possession two account books, one showing a $5,000 deposit by decedent and the other showing a $10,000 deposit by decedent, each in "a cotenant account;" (b) a bankbook showing deposits by decedent "in a co-tenancy account;" (c) a note for $7,000 payable to decedent; and (d) a note for $19,000 payable to decedent and respondent as tenants in common.

2. The $19,000 note, which is one of the gifts claimed by respondent, was not included in the inventory.

3. Respondent "did not take absolute possession of certain gifts while Ritter lived."

4. The inventory and appraisal signed by respondent contained a statement to the effect that it was "a full inventory" of all property of the decedent of which there was knowledge.

5. In the suit filed by respondent against the church to reform the $19,000 note she alleged that Emil Ritter had made an oral agreement with her to make her a "joint tenant" of the note.

6. The concealment efforts of respondent is revealed by evidence which shows (a) false swearing in making the inventory or in making the allegation in the petition, referred to in paragraph 5 above, in the suit against the church; (b) failure to report the $19,000 note; (c) failure to report a $7,000 note payable to Ritter which respondent had in a safe deposit box of which Ritter was a deputy; (d) failure to join the estate or appellant as coexecutor in the suit against the church; and (e)

failure to list "any of the said gifts in the inventory and appraisement either as estate assets or as property possessed but not owned by decedent at time of his death."

■ We have set out the exact language of the point and the above summary of the argument to demonstrate why this point presents no issue bearing on the essential question in this case; that is, whether valid gifts were made by Emil Ritter to respondent. If so, respondent was not guilty of concealing assets of the estate. If all or any of the claimed gifts were not valid then respondent did conceal assets. We consider it now to be immaterial, at least as to any issue in this case, whether at the time of the inventory one-half of the $19,000 note should have been listed in the inventory on the basis that at that time the payees were not shown thereon to be joint owners with the right of survivorship. The substance of appellant's argument is that respondent did not include the contested items in the inventory, and for that reason she was guilty of concealment. But that argument assumes that the items belonged to the estate, the ultimate issue for determination. The probate court, and then the circuit court on appeal, both have held that those items of property were not a part of the estate because the deceased made valid gifts of the items to respondent. By this point and the argument thereunder appellant advances no reason why those two courts were wrong in their determination, or why this court, in reviewing the evidence, should reach a different conclusion on the issue of valid and completed gifts. We necessarily find no merit to this point on the basis that it does not purport to reach the essential issue, and affords this court no basis to conclude the trial court was in error.

■ Appellant next contends that the trial court erred in finding that the issue relating to the validity of the gift of the $19,000 note was res judicata.

We are of the opinion that we need not decide whether, strictly speaking, the doctrine of res judicata applies. The parties in the two suits are the same, but the causes of action are different. However, the ownership of the note was an essential issue in the suit to reform the note. See generally, Abeles v. Wurdack, Mo., 285 S. W.2d 544. Assuming for the purposes of this opinion that we should not regard the issue of the validity of the gift of the note as res judicata, appellant points to no evidence or circumstances which would justify us in holding that the gift of the note from Emil Ritter to respondent was not valid. When we review the evidence concerning the gift, both at this trial and at the trial in the suit to reform the note (the transcript of which is an exhibit), and take into consideration the finding of the trial court that respondent "did not exercise any undue influence upon Emil Ritter," and that "there was no fiduciary relationship or relationship of trust and confidence existing between them," we necessarily conclude that there was a valid gift to respondent of the note.

Appellant's final contention is that the trial court erred in holding that the claimed gift of $7,000 was valid.

This note was executed by respondent and her husband and made payable to Emil Ritter. It was secured by a deed of trust on their home. At Mr. Ritter's request, respondent took him to the Maplewood Bank where he told one of the officers there that he wanted to "fix the note" so that respondent would not have to pay him. He then endorsed the note in the officer's presence, and handed the note to respondent and said, "This is yours, you keep it." Respondent then placed the note in a safe deposit box at the bank which was in her name alone, but for which both her husband and Mr. Ritter were designated as a deputy. At the time of the death of Mr. Ritter the note was still in the box. As to this note, the trial court found that the "gift of the note and mortgage is shown by

the evidence to have been completed during the lifetime of Emil Ritter," that there was a delivery of the note, that no fiduciary relationship existed between respondent and Mr. Ritter, and that it was not a conditional gift, but a valid gift of the note to respondent.

Appellant asserts that "Giving credence to the testimony of the Respondent concerning the said note and deed of trust, as given in the Hoffman case [the suit to reform the $19,000 note], the claimed gift is void as an attempted testamentary disposition." Appellant then quotes the testimony of respondent in that case that "he [Mr. Ritter] signed the note [at the bank] that in the event of his death that the house was paid for." This contention was not advanced by the administrator ad litem of the estate in the suit to reform the note. However, if meritorious it would have been a complete bar to respondent's contention in that suit.

■ Our review of the evidence in this case clearly shows that the finding of the trial court was correct. Therefore we need not rule whether appellant could raise the issue for the first time in this suit. The reference to a vague statement by respondent in the form of a conclusion as to the intent of Mr. Ritter affords no logical basis to overrule the findings of the trial court.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.