In re ESTATE of Emil RITTER, Deceased.
Hugh L. CRABILL, Co-Executor,
Plaintiff-Appellant,

v.

Olive Lucille HOFFMAN, Co-Executrix,
Defendant-Respondent.

No. 35708.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 14, 1975.

Sullivan & Watkins, Clayton, George W. Curran, St. Louis, for plaintiff-appellant.

Isaac E. Young, Maplewood, for defendant-respondent.

WEIER, Acting Presiding Judge.

This suit was commenced in the Probate Court of St. Louis County on March 1, 1963, when plaintiff Hugh L. Crabill, co-executor of the estate of Emil Ritter, filed a petition for the removal of defendant Olive Lucille Hoffman as co-executrix. In support of his petition plaintiff alleged that (1) defendant had become a non-resident of the State of Missouri, and (2) defendant had acted in a manner so as to endanger plaintiff. The probate court thereafter dismissed the petition, and appeal was taken to the circuit court of St. Louis County. That court affirmed the decision, and appeal to this court followed.

This case is but one of four involving the estate of Emil Ritter to have reached the appellate courts. The first involved a $19,000.00 note, made by the Maplewood Baptist Church, payable to Mr. Ritter and defendant. Following Mr. Ritter's death on January 3, 1962, the defendant in the case at bar filed suit in circuit court for reformation of the note, contending that a right of survivorship clause had been mistakenly omitted from the note and that she therefore was entitled to sole ownership of the note as the surviving joint tenant. Her claim was upheld, and the estate was adjudged to have no interest in the $19,000.00 note. See Hoffman v. Maplewood Baptist Church, 409 S.W.2d 247 (Mo.App.1966).

While that case was pending plaintiff filed a petition in probate court requesting that defendant be cited for the concealment of certain assets of the estate. Among the assets claimed to have been concealed were the $19,000.00 note and a $2,500.00 check written by the decedent two days before his death and made payable to defendant's husband. This case was ruled adversely to plaintiff in the probate court, and on ap-

peal to the circuit court it was consolidated for hearing with the case now before us on appeal. The citation for concealment of assets was assigned Cause No. 280660 in the circuit court, and the instant case was numbered 280659. The hearing was concluded in the circuit court on July 16, 1969, and on that day the citation for concealment of assets was dismissed. Among the court's findings of fact and conclusions of law were the following: that the $2,500.00 check was a valid gift from the decedent to defendant's husband and was therefore properly excluded from the estate assets; that the $19,000.00 note had previously been litigated and that all issues relating thereto were res judicata; and that defendant did not in any way endanger plaintiff by willfully failing to report any assets. The concealment of assets case, circuit court Cause No. 280660, was subsequently appealed to the Missouri Supreme Court which affirmed the judgment in the case of In re Estate of Ritter, 462 S.W.2d 719 (Mo.1971). The court found, as had been done in the *Maplewood Baptist Church, supra* decision, that defendant was the sole owner of the $19,000.00 note. It was further found that defendant had not concealed various other items alleged by plaintiff to be assets of the estate. No specific mention was made of the $2,500.00 check, presumably because the issue had not been carried forward by plaintiff on the appeal.

A decision was entered by the circuit court on the petition for removal in Cause No. 280659, the case now on appeal, on August 21, 1973. As mentioned, the outcome was an affirmance of the dismissal by the probate court of the petition for removal of defendant as co-executor.

The third case was In re Estate of Ritter, 510 S.W.2d 188 (Mo.App.1974) in which we denied an abortive appeal from an order of partial compensation to defendant Hoffman's attorneys. It had nothing to do with the issues in the instant case.

■ On this appeal, as with any other court-tried case, it is our duty to review the case upon both the law and the evidence. Due regard is given to the opportunity of the trial court to judge the credibility of the witnesses, and the judgment will not be set aside unless clearly erroneous. Rule 73.01(d), V.A.M.R.; Estate of Youngblood v. Youngblood, 457 S.W.2d 750, 753[1] (Mo. banc 1970).

■ The first point raised by plaintiff concerns the residency of defendant. Sec. 473.140, RSMo 1969, V.A.M.S., provides, in part, that an executor may be removed by the court if he "becomes a nonresident of this state, * * *." In dismissing the petition for removal of defendant as co-executrix the circuit court found, by inference, that defendant had not become a nonresident of Missouri. This holding, plaintiff claims, is inconsistent with the court's finding of fact that defendant "has removed to the State of Tennessee and is maintaining her home there to this date." Moving to another state, however, is not, at least under all circumstances, equivalent to becoming a nonresident. The word "residence" can mean various things depending upon the context in which it is used. State v. Tustin, 322 S.W.2d 179, 180[1] (Mo.App.1959). Equating "residence" with "domicile", § 473.140 has been construed to require an intent not to return in order to effectuate a change of domicile. Stevens v. Larwill, 110 Mo.App. 140, 84 S.W. 113, 117 (1904). Other Missouri decisions have interpreted the word "residence", when used in other statutes, to mean "domicile". See Clarkson v. MFA Mutual Insurance Company, 413 S.W.2d 10, 13 (Mo.App.1967).

It is not disputed that defendant was domiciled in Missouri at the time of her appointment in 1962. She admitted that she and her husband thereafter purchased a home in Tennessee where the latter had been transferred by his employer. Defendant testified, however, that her husband's job assignment was only temporary, and

that it would terminate when his employer could find a suitably trained replacement at the Tennessee location. Defendant further testified that she considered the move to be only temporary, that she and her husband maintained living quarters at the home of his parents in St. Louis, and that she had never been absent from the State of Missouri for longer than four months at a time. She planned to return to St. Louis upon termination of her husband's job assignment, and maintained accounts at various banks in the St. Louis area.

■ "In order to effectuate a change of domicile it is necessary that there shall be actual personal presence in the new place and also the present intention to remain there, either permanently or for an indefinite time, without any fixed or certain purpose to return to the former place of abode." In re Toler's Estate, 325 S.W. 2d 755, 759 [6] (Mo.1959). Physical presence in a new location and intention to adopt it as a domicile must concur to establish it as a new domicile. If either element is absent no change of domicile will occur. Mere residence at a new location, no matter how prolonged, will not effect a change of domicile without an intention to make the new place a permanent residence or home. State ex rel. King v. Walsh, 484 S.W.2d 641, 645 [3] (Mo. banc 1972).

■ In this instance there was substantial evidence, much of which involved the credibility of defendant's testimony, that defendant did not abandon her domicile in Missouri. The circuit court's finding on this issue is not clearly erroneous, and will not be disturbed.

■ Plaintiff's second point is that defendant should have been removed as co-executrix by reason of her failure to join with him in seeking recovery of the $2,-500.00 check. It was previously determined, however, in Cause No. 280660, affirmed in In re Estate of Ritter, *supra*, 462 S.W.2d 719 (Mo.1971), that the check was a gift from the decedent to defendant's husband. This issue is clearly res judicata. The funds represented by the check were there declared not a part of the estate assets, and defendant could have been under no obligation to secure their recovery.

■ Plaintiff's final point is that defendant should have been removed as co-executrix by reason of the fact that she filed suit for reformation of the $19,000.00 note, an asset to which the estate, at the time said suit was filed, arguably had a valid interest. Defendant did recognize the interest of the estate in that litigation. She petitioned the probate court for the appointment of an administrator ad litem, who subsequently intervened and represented the estate. Section 473.423, RSMo 1969, V.A.M.S.; Hoffman v. Maplewood Baptist Church, *supra*, 409 S.W.2d 247, 248 (Mo.App.1966). Furthermore, by the time the circuit court was called upon to decide the issue of the removal of defendant as co-executrix, there no longer existed any controversy as to ownership of the note. It had previously been determined, in *Hoffman, supra*, and in Cause No. 280660, that the estate had no interest in the note. This being so, there no longer existed any reason why defendant could not continue her duties as co-executrix without fear of a conflict of interest. The circuit court, therefore, properly held that there was no basis for her removal.

The judgment is affirmed.

CLEMENS and RENDLEN, JJ., concur.