JACOB PECARE who sues to use of MORRISON & LEVY vs. PIERRE CHOUTEAU, Sen'rs Administrator.

The covenant of seisin in a deed is an assurance to the purchaser that the grantor hath the *very estate,* both in *quantity* and quality, which he purports to convey. The covenant in such case is broken if the grantor does not own *all* the land covered by his deed.

### STATEMENT OF THE CASE.

This action was brought on a covenant of seisin in a deed, and the breach assigned was, that defendant was not seized of all the land he professed to convey. Plea under statute of 1847.

The record in this case shows the following state of facts. On the 20th May, 1844, Pierre Choteau, Sen'r, conveyed to plaintiff with covenants of seizin a tract of land, which in his deed he described as follows: "All that certain tract of land situate in the place commonly called Marias Cortoi in the county of St. Louis containing 57 arpents French superficial measure, bounded west- wardly by land of one O'Niel, eastwardly by land of said Pierre Chouteau, northwardly by land of the late William Clark, and southwardly by land of the late Auguste Chouteau."

On the trial of this case plaintiff read in evidence a deed from Chouteau to Clark, a deed from Clark to Goodfellow, and a deed from Pierre Chouteau to plaintiff that contained the covenant sued on. The plaintiff then proved by William H. Cozzens, a practical surveyor, that at the time Chouteau made his deed to plaintiff, calling for 57 arpents, equal to 48 49.100 acres he had not so much land left in his tract, that the deed to Clark read in evidence covered 14 47.100 acres off o<sub>f</sub> the eastern end of said tract and that prior to the conveyance to Clark there was sufficient land left on the eastern end of Chouteau's tract to satisfy the call for quantity in Chouteau's deed to plaintiff. This witness also proved that a larger or smaller quantity of land might be contained in the boun- daries called for, provided Chouteau had still owned to the eastern end of his tract. That the boundaries called for in Chouteau's deed to plaintiff were as well satisfied by excluding as includ- ing the 14 47.100 acres. Upon this testimony the court instructed the jury that the plaintiff could not recover. Whereupon the plaintiff became non-suit, with leave to move to set the same aside, which motion having been overruled the plaintiffs comes here by appeal.

### LORD, for appellant.

I. The breach assigned in the declaration was fully sustained by the proof, and the court below erred in instructing the jury that the plaintiff could not recover.

The covenant of seizin is broken if the vendor does not own all the land covered by his deed. This position is fully sustained by the following authorities: Leland vs. Stone, 10 Mass. R. 459; Barns vs. Learned, 5 N. H. R. 264; Wilson vs. Forbes, 2 Dev. N. C. 30; Sedgwick vs. Hollenbeck, 7 Johnson, 376; Mann & Toles vs. Pearson, 2 Johnson 36.

The covenant of seizin is an assurance to the purchaser, that the grantor hath the very estate both in quantity and quality which he purports to convey. Platte on Covenants, 306; Hilliards. abridgment of the law of real estate, vol. 2, 377; Opinion of Lord Ellenborough in Hovell vs Richards, 11 East, 642

### DARBY & FIELD, for appellees.

The only question in this case is whether the call for quantity in the testator's deed is a cov- enant that the land conveyed contained that quantity. We insist on the negative, and rely on the case of Ferguson vs. Dent, 8 Mo. R.

### NAPTON, J., delivered the opinion of the court.

We do not consider this case as coming within the principle decided in Ferguson vs. Dent, (8 Mo. R. 667,) and Dryden vs. Holmes, (9 Mo. R. 135.) The covenant of seisin is an assurance to the purchaser that the grantor hath the very estate, both in quantity and quality, which he purports to convey. The enumeration of quantity is not usually of the essence of the contract, but merely matter of description. Yet a deed may be so framed as to make the enumeration of the acres granted of the essence of the deed; as where the boundaries can only be fixed by

the quantity. Here, it will be observed, that Chouteau conveys a tract of 57 arpents, bounded on three sides by the lands of others, and on the fourth by himself. How is it possible to ascertain the metes and bounds of this tract, except by applying the quantity mentioned to ascertain the fourth line? I do not perceive any other sensible construction of the grant, for as has been well observed by the counsel, a strip no wider than an ell or a peppercorn, would satisfy the description, if we can reject quantity. I look upon the quantity of 57 arpents as a part of the metes and bounds, as though the deed had described the three lines on the west, north and south, and then for the east line had fixed a point in the north or south line at such a distance as would give the quantity of fifty-seven arpents. Suppose the deed had so read, is it not clear that the previous conveyance to Clark of 14 47.00 acres on the east end would have been a breach of the covenant of seisin?

The cases in which quantity has been held mere matter of description, it will be observed, are cases where the specific tract conveyed was fixed by metes and bounds or by numbers, or in some other way so determined as to place beyond doubt what tract was conveyed. Here the case is totally different. The grantor owns or supposes himself to own a large tract of land, and proposes to convey a part of it from one end. He conveys fifty-seven arpents from the west end of this tract, without determining the eastern line in any other way than by specifying the quantity. If the covenant of seisin is good for any thing at all, in such a deed, it must cover the deficiency of quantity. It has never been doubted, that where a specific tract is conveyed, and a portion of the land is lost to the vendee, he can recover on his covenants. All the cases cited in support of the decision in the court of common pleas, are cases where the purchaser has got all the land *purported to be conveyed*, and he desires to go further and make the covenants extend to mere matters of description, as that a brick house was on the land, or it contained a certain number of acres. These cases are not at all analogous to the present.

Judgment reversed and cause remanded.