## Kelton v. Saylor.

(Decided December 8, 1925.)

### Appeal from Harlan Circuit Court.

1. Boundaries—Evidence Tending to Establish Dividing Line by Drawing Line Between Corner Stones Incompetent, where Pleadings Allege Fence Built on Agreed Dividing Line.—Where pleadings alleged that dividing line between lots had been agreed on and fence built thereon, evidence tending to establish dividing line by drawing line from corner stones, standing at either end of line, was incompetent.

2. Dismissal and Nonsuit—Refusal of Defendant's Motion to Dismiss Counterclaim Held Not an Abuse of Discretion.—Refusal of court on defendant's motion to dismiss counterclaim, wherein defendant had pleaded an agreed division line and fence as dividing line between lots, after proof thereon had been submitted, held not an abuse of discretion, since only advantage accruing to plaintiff by such refusal could also have been obtained by filing an amended petition to which plaintiff would be entitled had motion been granted.

3. Ejectment—Vendor Held Entitled to Prosecute Action to Determine Dividing Line After Having Agreed with Vendee to do so.—Vendor of lot held entitled to prosecute action to determine dividing line, where, under sale, he had agreed to prosecute action, vendee to have property if recovered and vendor be responsible for it if lost.

4. Appeal and Error—Maxim de Minimis Non Curat Lex Not Applied to Controversies Respecting Title of Real Estate.—Supreme Court does not apply maxim de minimis non curat lex to controversies respecting title of real estate.

HALL, JONES & LEE for appellant.

J. S. FOSTER for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Appellee, Berry Saylor, instituted this action in ejectment against appellant, C. M. Kelton, to recover the possession of a tract of land about 6 feet wide and 82½ feet long, located in the town of Molus, in Harlan county, Kentucky. By answer appellant denied that he was in possession of any land owned by appellee. Affirmatively he pleaded the ownership of a tract of land which he described and that he held and possessed such of the land claimed by appellee as he was in possession

of under that title.   He further pleaded that previously and while appellee owned the lot now owned by him, and while one Grant Saylor owned the lot now owned by appellant, appellee and Grant Saylor had a controversy as to the dividing line; that they settled it by agreeing upon the location of the line and erected a fence thereon and thereafter acquiesced in the agreed line.   He pleaded that he had not taken possession of any of the land beyond the line and fence so agreed upon as the dividing line between the two lots.   By reply appellee admitted that he and appellant's remote grantor had settled the dispute as to the location of the dividing line between the two lots by establishing an agreed line, and that they had erected a fence on that line, but that appellant had crossed it and had taken possession of a portion of the land on his side thereof.   On the issues thus made by the pleadings the case came on for trial and the jury found for appellee.   Judgment was entered accordingly and appellant prosecutes the appeal.

It will be observed that as the issues were made by the pleadings the case turned upon a location of the agreed line between the two lots marked originally by a division fence.   The evidence for appellee was all directed to that question and it all tended to establish that appellant in remodeling and relocating a dwelling house upon his lot had set one wall of it a foot or eighteen inches beyond the agreed dividing line as marked by the division fence.   Appellant undertook to establish by evidence that corner-stones stood at either end of the line and that a line from the one to the other would leave his house wholly on his side.   The trial court held all such evidence to be incompetent and refused to admit it to the jury.   That was certainly proper under the state of the pleadings.

When the trial had progressed for some time and after appellee had introduced practically all his testimony, appellant moved to dismiss his counterclaim, in which the agreed division line and fence were pleaded. Appellee objected and the court sustained the objection. Appellant vigorously insists that that ruling of the trial court was erroneous and prejudicial to him.   It is true, as he insists, that a litigant may at any time before final submission to the jury dismiss his cause of action.   We can not understand, however, how the trial court's action prejudiced appellant's rights.   He concedes that the only

advantage accruing to plaintiff by the court's action was a simplifying of the method of determining the location of the dividing line between their two lots. After appellant had pleaded the dispute as to the division line the settlement of that dispute by an agreement as to its location and the marking of the line by the building of the fence, and appellee had by reply admitted those facts, there was nothing left in the case except to ascertain the location of the old fence and the agreed line. Appellee's proof on that question had been heard when appellant's motion to dismiss his counterclaim was made. If the court had sustained his motion and dismissed the counterclaim appellee then would have been entitled to file an amended petition pleading the facts with reference to the agreed division line so as to make his pleadings conform to his proof. Appellant in that way would have been deprived of the only advantage that he could claim he would have gained if the trial court had sustained his motion to dismiss his counterclaim. Hence, it can not be held that the trial court abused its discretion in that particular

It appears that about the time he filed this action appellee sold and conveyed the lot of land owned by him under which he claims the land sought to be recovered herein. Appellant insists that that fact deprived him of the right to recover. Such can not be held to be the case. The evidence discloses that under his sale appellee agreed to prosecute the action to a termination and that his vendee should have the land if recovered and he be responsible for it if lost. He was liable for it on his warranty to his vendee and had the right to prosecute this cause of action to a conclusion.

Numerous other contentions are made by appellant, all of which, however, are mere approaches to the questions considered above from different angles. The only question in issue between the parties was the location of the agreed division line between the two lots. The testimony for appellee all tended to establish that appellant in locating his house placed it beyond that line something over a foot on to the lot owned by appellee. The evidence introduced for appellant tended to establish that the agreed line and the old fence built on it were so located that all of appellant's house stood on his side of it. That question was submitted to the jury in an instruction which we think fairly submitted it and the jury

found for appellee. The only part of the land beyond the agreed line between the two lots as its location was fixed by the jury's finding that appellant has had in his possession is that part of it covered by a part of his dwelling house, less than 18 inches in width and less than 35 feet in length. From our consideration of the record, we are persuaded that the exceedingly small tract of land, considering its location, has no value of consequence. The cost to the Commonwealth of settling this dispute is certainly many times greater than the value of its subject matter. Parties should not resort to the courts for the settlement of such trifling causes. However, the maxim *de minimis non curat lex* has not been applied by this court to controversies respecting the title of real estate.

Finding no error in the record upon which to base a reversal of the judgment herein it must be affirmed.

Judgment affrmed.