**Rudolph OBERMEYER, Respondent,**

**v.**

**Roy E. HENTSCHEL and Clara Hentschel, Appellants.**

**No. 50808.**

Supreme Court of Missouri,

Division No. 1.

April 12, 1965.

Earl R. Blackwell, Hillsboro, for respondent.

Bild & Cooper, Frank Bild, Harris Cooper, St. Louis, for appellants.

HOUSER, Commissioner.

Rudolph Obermeyer, grantor in a warranty deed to certain lands in Jefferson County, brought this action to quiet title against the named grantees, Roy and Clara Hentschel, husband and wife. From an adverse judgment defendants appeal.

The petition asserted plaintiff's ownership of the land in fee simple, defendants' claim of some interest therein the nature and character of which is unknown to plaintiff and cannot be described except that defendants' claim is adverse and prejudicial to plaintiff; prayed for a determination of the interests of the parties and a declaration that plaintiff is the fee simple owner and asked that defendants be restrained and enjoined from asserting, claiming or setting up any right, title or interest therein. It was a conventional petition in a quiet title action, except for paragraph 3 in which plaintiff alleged that defendants caused their names to be placed on a deed to the premises "through undue influence and misrepresentation, * * * without any consideration on their part whatsoever." *Before the case went to trial plaintiff deleted paragraph 3.* Defendants' answer denied plaintiff's ownership in fee simple, admitted defendants' claim to some right, title and interest, which they alleged was a joint tenancy with right of survivorship by virtue of a certain described and recorded deed, and prayed for dismissal of the petition. Alternatively defendants asked the court to define and adjudge the title in defendants as joint tenants.

For 18 years plaintiff and his wife made their home on the real estate in question, a 90-acre tract 4 miles south of DeSoto. Plaintiff's wife died in November, 1959. Defendant Roy Hentschel is plaintiff's adopted son. He is the husband of defendant Clara Hentschel. Over objection plaintiff testified that after his wife's death Roy was "after" plaintiff "to sign the place over to him"; that Roy asked plaintiff to do so several times. Plaintiff testified that Roy said that if plaintiff signed the deed it would keep Roy "out of a lot of trouble if anything happened" to plaintiff; that that was the only reason plaintiff signed the deed. He stated that his memory "wasn't nothing too good at the time." Plaintiff admitted and conceded that on December 14, 1959, about a month after his wife's death, he signed the deed in evidence to Roy and Clara. The deed is a warranty deed in regular form conveying the real estate from plaintiff to defendants, husband and wife, as joint tenants and to the survivor and not as tenants in common. The deed was recorded the same day it was executed. Plaintiff testified that after his wife's death he was nervous. Asked if he remembered the day the deed was signed he answered that he could not recall "right up to the day." He believed that Mr. Schubel (the notary public) was present; did not remember whether Mr. Schubel asked him whether he was signing the deed as his free act and deed; testified that at the time he signed the deed he had a will leaving everything to defendants and their children. Over objection plaintiff was permitted to testify that he did not know what he was doing when he executed the deed; that Roy "forced" him to sign the deed (how or in what manner was not developed); that Roy did not pay plaintiff any money at the time of the conveyance; that *after* plaintiff had "put his [Roy's] name on the deed Roy told plaintiff that Roy was plaintiff's guardian "over" him and that Roy "could stop everything" and draw all of plaintiff's money out of the bank "and everything else." After the conveyance plaintiff continued to pay the taxes on the place. Roy paid nothing on the taxes; nothing for the upkeep of the property, and "never put a dime in it." Plaintiff further testified that *plaintiff had given Roy* $400 or $500 after the death of plaintiff's wife, and that for some time

plaintiff had been receiving medical treatment for his heart and nerves, maybe once a week and sometimes twice a day.

At the close of plaintiff's case defendants' motion for judgment was overruled. Defendants offered no testimony and contented themselves with placing in evidence the recorded deed of December 14, 1959.

On this appeal defendants assert that plaintiff, as the former owner in fee simple, cannot invoke the aid of equity to remove a cloud on the title which plaintiff has created; that plaintiff proved no "adverse" claim, but proved that title passed to defendants by, through and from plaintiff by his own deed of December 14, 1959, signed, acknowledged and delivered to defendants; that the recording of plaintiff's deed caused plaintiff no injury and gave him no cause of action, and therefore the court erred in not sustaining defendants' motion for judgment; that what plaintiff really wants is cancellation of the deed, but that plaintiff neither pleaded facts authorizing cancellation nor prayed therefor; that the evidence is not that clear, cogent, convincing evidence required before a court of equity will exercise the extraordinary power of cancellation, and that in any event the court did not decree cancellation but merely decreed that plaintiff is vested with fee simple title and that defendants have no title or interest in the real estate.

Plaintiff argues that a presumption of undue influence arose when lack of consideration and a fiduciary relationship were shown; that plaintiff made a prima facie case for quieting title on the basis of undue influence, and that defendants failed to go forward with rebutting evidence, which raises an inference that defendants' testimony would have corroborated plaintiff.

■ The judgment for plaintiff cannot stand. The only basis upon which the court could have adjudged fee simple title in plaintiff and no title or interest in defendants in this case would have been a finding that the deed, valid on its face, was in fact procured by undue influence, misrepresentation or duress and is a cloud which equity will remove from the title of the true owner. The proper relief on such a finding would have been cancellation of the deed. The difficulty is that on this record plaintiff did not place the trial court in a procedural position to make a finding or judgment affirmatively adjudicating the title in plaintiff, for plaintiff did not plead facts which would support the introduction of evidence of undue influence, misrepresentation or duress and did not pray for cancellation on these grounds.

■ Civil Rule 93.01, V.A.M.R., authorizes the court, "*if same be asked for in the pleadings of either party*" [emphasis added] to hear and determine any and all rights, claims, interest, etc. whatsoever of the parties concerning real property and to award full and complete relief, whether legal or equitable. The institution, prosecution, trial and determination of suits brought under Rule 93.01 "shall conform in all respects to the Rules of Procedure covering ordinary civil actions * * *." Civil Rule 93.04, V.A.M.R. The relief afforded in actions to quiet title "is to be measured by the pleadings in each particular case." Wm. H. Johnson Timber & Realty Co. v. Belt, 329 Mo. 515, 46 S.W.2d 153, 155; Stewart v. Omaha Loan & Trust Co., 283 Mo. 364, 222 S.W. 808, 810, cited and quoted with approval recently in Lucas v. Smith, Mo., 383 S.W.2d 513, 516, 517, a decision instructive, indeed controlling, on every point we are deciding on this appeal. In that case, as in this case, "all parties asked that the court determine title, but under this request the court had the authority to determine title as between the parties *within the issues raised by the pleadings*." 383 S.W.2d, l. c. 517 [5]. We have adverted to the failure of plaintiff to plead facts warranting cancellation. The evidence of undue influence, misrepresentation and duress offered by plaintiff was admitted over the objections of defendants that it

was beyond the scope of the pleadings. There was no trial by express or implied consent of issues not raised by the pleadings, under Civil Rule 55.54, V.A.M.R. The evidence of undue influence, misrepresentation and duress, was inadmissible under the pleadings, and when it is excised from the record nothing is left but a warranty deed valid on its face, conveying the property to defendants—a deed plaintiff admits he executed.

■ Outright reversal would seem to follow under our power to finally dispose of the case on appeal, Civil Rule 83.13, "unless justice requires otherwise." On this record we cannot know with conviction whether justice requires otherwise. Because of plaintiff's failure to plead undue influence, etc. and to pray for cancellation we do not reach the question whether the evidence rises to the high water mark required before a court of equity will exercise the extraordinary power of cancellation of a deed, Allan v. Allan, Mo., 364 S.W.2d 578; Lorraine v. Dixon, Mo., 356 S.W.2d 96, and we express no opinion with respect to the evidence, except to note that it was very brief (16 pages); that plaintiff was the only witness; that his testimony was terse and that much of it was conclusion rather than fact. We nevertheless cannot blind ourselves to the undisputed intimations of undue influence, etc. in this record, which defendants made no effort to explain. In the interests of justice we will not finally dispose of the case by rendering judgment for defendants on this appeal, but will reverse the judgment and remand the case to permit the parties, if they be so advised, to amend their pleadings to present the theory disclosed by the evidence, Lucas v. Smith, supra, 383 S.W.2d, 1. c. 518[8], in which event these issues may be thoroughly explored, properly developed and finally adjudicated.

Reversed and remanded for further proceedings consistent with this opinion.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.