William C. KING, Plaintiff-Appellant,

v.

Albert RILEY and Lou Ethel Riley,
Defendants-Respondents.

No. 56882.

Supreme Court of Missouri,
Division No. 2.

Sept. 10, 1973.

Donald F. Price, Kansas City, for plaintiff-appellant.

J. D. Riffel, The Legal Aid & Defender Society of Greater Kansas City, Inc., Kansas City, for defendants-respondents.

BRUCE NORMILE, Special Judge.

Action to quiet title with counterclaim for reformation of a contract. Plaintiff appeals from the judgment of the trial court reforming a real estate contract between plaintiff's predecessor in title and defendants and quieting title to the described property in defendants. Jurisdiction is in this court since title to real property is involved and the appeal was filed prior to January 1, 1972.

Essentially, the trial court found that in October, 1964, Mr. Emmett Tillman agreed to sell the property at 4008 East 25 Street, Kansas City, Missouri to Albert Riley and Lou Ethel Riley, respondents, by a contract for a deed. The selling price was $2,500 with a down payment of $150 and payments of $50 per month until paid in full. Mr. Tillman was to advance payment of all taxes and insurance which were to be reimbursed by the Rileys. The court found the agreement to be that upon payment in full of those sums, Mr. Tillman was to convey the property to the Rileys by warranty deed.

It is undisputed that upon reaching this agreement, Mr. Tillman gave Mr. Riley a receipt dated October 3, 1964, for down payment "on house, location 4008 East 25th Street." On October 26 they went to the office of a real estate broker and notary public for the preparation of their contract. Mr. Tillman had suggested this scrivener since "he's always at home." Mr. Tillman paid $6.00 for the contract. Mr. Riley, who had a sixth grade education in a one-room schoolhouse in the state of Mississippi, testified that he was not in a position to have a lawyer examine the contract.

The contract, prepared by the notary public and executed by the parties, was a form real estate contract. It called for closing within twenty days, at which time an executed warranty deed was to be delivered to the Rileys and a note and deed of trust to Mr. Tillman. There were standard provisions for delivery and examination of an abstract of title prior to the closing. The contract recited the selling price of $2,500 but was otherwise patently ambiguous as to the terms of payment, although the sums of $150 and $50 were inserted at inappropriate blanks of the contract. It might be noted that the notary's "acknowledgment" of the parties' signatures was in these words: "The above names are the Instergator of This instrument."

It is undisputed that the warranty deed, note, and deed of trust were never executed or delivered and that an abstract of title was not provided. However, the Rileys took possession of the property and commenced making a $50 monthly payment. Mr. Tillman gave them receipts for such payments marked "on payment of property on 4008 East 25th Street."

On August 19, 1966, Mr. Tillman conveyed the premises to plaintiff-appellant William C. King by warranty deed. The Rileys thereafter made the $50 monthly payments to Mr. King and were given receipts which designated the payments as "rent." However, a ledger sheet was kept for Mr. King showing the date and amount of the Rileys' payments and making application of part of the payment to "principal" and part to "interest" and showing a declining "balance due."

The trial court found that the Rileys had paid $2,418 on the property, leaving a balance due of $82 on the principal and $307 in taxes advanced for them. The court ordered the contract reformed so as to constitute a contract for a deed and quieted title in the Rileys on the condition that they make payment of the $389 which the court found due under the contract. This sum was thereafter paid into court by the Rileys.

■ Since this is an equity case, we will review it upon both the law and the evidence. It is true that in order to justify granting the relief of reformation, a mutual mistake must be established by clear and convincing evidence. J. E. Hathman, Inc. v. Sigma Alpha Epsilon Club, 491 S. W.2d 261, 268 [14] (Mo.banc 1973); Allan v. Allan, 364 S.W.2d 578, 581 [1] (Mo. 1963). However, "The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Rule 73.01(d) V. A.M.R. Since the issue is one of reforma-

tion of a contract for mutual mistake, the finding of the chancellor is to be sustained unless the proof is palpably insufficient in clarity and cogency to warrant the finding made by him. Edwards v. Zahner, 395 S. W.2d 185, 190 [3] (Mo.1965); City of Warsaw v. Swearngin, 295 S.W.2d 174, 182 [9] (Mo.1956); Hoffman v. Maplewood Baptist Church, 409 S.W.2d 247, 251 [8] (Mo.App.1966); Snider v. Miller, 352 S.W.2d 161, 162 [2] (Mo.App.1961).

Appellant states his first point on this appeal thusly: "There is no law under the pleadings under which the court may reform the real estate contract into a contract for deed." This seems to challenge the sufficiency of the counterclaim to state a cause of action for reformation of the contract. However, appellant's argument under this point was that reformation may only be had where some "particular error" in a written contract is made, such as a mistake in the name of a party, a mistake in description of land, a mistake in the number of acres stated, or a mistake in some other specific term of the written instrument. Appellant urges that reformation may be granted only as to such a "particular" and argues that the trial court has improperly made an entirely new contract for the parties.

■ Appellant is inaccurate in his conception of the law. Equity will reform an instrument which, through mutual mistake of the parties, does not accurately set forth the terms of the agreement actually made or which does not incorporate the true prior intentions of the parties. Schimmel Fur Company v. American Indemnity Company, 440 S.W.2d 932, 938 [6] (Mo.1969); Ethridge v. Perryman, 363 S. W.2d 696, 698 [1] (Mo.1963); Net Realty and Investment Company v. Dubinsky, 94 S.W.2d 1108, 1117 [1] (Mo.App.1936).

The accepted rule is stated in St. Louis 221 Club v. Melbourne Hotel Corp., 227 S. W.2d 764, 768 [2] (Mo.App.1950) and approved in Snider v. Miller, supra, 352 S. W.2d at 164 [4] as follows: "Courts of equity will reform written instruments so as to make them speak the real agreements of the parties in cases in which by mistake or misprision of the scrivener the writing failed to do so, and it will exercise such power not only as between original parties, but as to those claiming under them in privity, such as personal representatives, heirs, assigns, grantees, judgment creditors, or purchasers from them with notice of the facts." Also see Robo Sales, Inc. v. McIntosh, 495 S.W.2d 420, 423 [1] (Mo. 1973); Edwards v. Zahner, supra; Walters v. Tucker, 308 S.W.2d 673, 675 [3] (Mo.1957); 76 C.J.S. Reformation of Instruments § 59, p. 411.

In Snider v. Miller, supra, it is also stated, 352 S.W.2d at 165 [9]: "In order to establish a mistake in an instrument it is not necessary to show what particular words were agreed upon by the parties as words to be inserted in the instrument. It is sufficient that the parties agreed to accomplish a particular object by the instrument to be executed, and that the instrument as executed is insufficient to effectuate their intention. General Refractories Co. v. Howard, 328 Mo. 1139, 44 S.W.2d 65; 76 C.J.S. Reformation of Instruments § 25a, p. 348." See also Hoffman v. Maplewood Baptist Church, 409 S.W.2d 247, 251 [5] (Mo.App.1966).

■ The petition here does state the prior agreement of the parties, the scrivener's mistake in effectuating that agreement and the mutuality of that mistake. It is sufficient.

■ Appellant next challenges the sufficiency of the evidence to allow reformation of the real estate contract into a contract for a deed. In this respect, the findings of the chancellor are not only justified, they are compelled by the evidence. The testimony of both Mr. Tillman and the

Rileys was in accord as to their prior agreement to enter into a contract for a deed. This evidence was undisputed. The mistake of the scrivener in effectuating that agreement is obvious. No question has been raised as to Mr. King's notice of the Rileys' interest at the time of his purchase of Mr. Tillman's equity; but upon the record in this case we find that Mr. King did have such notice. The respondents established their case by the clear and convincing evidence which is required.

■ Appellant's last point is that the trial court should not have granted reformation because the Rileys had refused to execute a "corrected contract" offered to them by Mr. King after he purchased Mr. Tillman's equity in the property. There was testimony on Mr. King's behalf that he tendered to the Rileys a real estate contract dated September 10, 1966, providing for the sale of the property to them for the sum of $2,500 but giving them credit for their previous payments in a sum calculated at $750.50. This contract then provided for the exchange of a warranty deed from Mr. King and a note and deed of trust from the Rileys. This contract was never executed. The Rileys denied that there was ever a tender of such a contract. However, even if this evidence is accepted as true, the "corrected contract" did not follow the terms of the prior agreement which we have found was made between Mr. Tillman and the Rileys. The respondents' rights had been established by that agreement and they were not required to execute a different one. The point is without merit.

Accordingly, the judgment and decree of the trial court are affirmed.

HENLEY, P. J., DONNELLY, C. J., and MORGAN, J., concur.

FINCH, J., not a member of Division when cause was submitted.