**Rose NIEMEYER, Plaintiff-Appellant,**

v.

**George R. STEPHENS and Lucille K. Stephens, Defendants-Respondents.**

**No. 35406.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 15, 1974.

Politte & Thayer, Washington, for plaintiff-appellant.

J. B. Carter, David S. Purcell, Clayton, for defendants-respondents.

SMITH, Presiding Judge.

Plaintiff appeals from a judgment in a court-tried case upholding defendants' claim to certain land and decreeing reformation of a deed between the parties to correct the description of the land conveyed.

 The land involved is a three plus acre tract located to the south and east of a county road. Plaintiff's deed to defendants (executed and delivered in 1962) describes the property conveyed to include:

" . . . all that part of the Southeast Quarter of the Southeast Quarter of Section Three that lies south and east of

the county road as now located containing seventy-five acres, more or less . . . ."

At its intersection with the east line of Section 3, the county road is actually 375 feet north of the Southeast quarter line, and thereafter angles southwardly until it crosses that line. The three acre triangle is actually in the northeast quarter of the southeast quarter of section 3.

Defendants' contention, upon which the court reformed the deed, is that it was the intention of the parties to convey all of the plaintiff's land in Section 3 south and east of the county road and that a mutual mistake existed as to the proper legal description of the tract to be conveyed.

■■ To justify reformation, an equity court must have clear and convincing evidence that a mutual mistake has occurred. King v. Riley, 498 S.W.2d 564 (Mo.1973). " . . . [I]t is not necessary to show that the parties theretofore had agreed upon any particular words or language to be used in the instrument, but it is sufficient to show that they agreed to accomplish a particular object by the instrument to be executed and that such instrument, as executed, is insufficient to effectuate their intention." Hoffman v. Maplewood Baptist Church, 409 S.W.2d 247 (Mo.App. 1966) [5]. We review the decision on both the law and facts, but the resolution of credibility of the witnesses is the province of the trial court to which we defer.

We therefore view the evidence from the standpoint consistent with the court's judgment. Neither party knew where the section line dividing the northeast quarter section from the southeast quarter section was at the time the property was sold by the plaintiff to defendant. The legal description was prepared by plaintiff and her lawyer from an abstract and was not based upon a survey. The county road forms a natural division between the land retained by plaintiff and that sold to defendants; the section line is an artificial division. The defendants believed they were buying all of plaintiff's land south and east of the county road. Plaintiff was, at best, unsure of what area was conveyed by the deed. The plaintiff believed she was conveying the "wooded section" which description would fit the three acre tract as well as the land south of it. For nearly ten years plaintiff raised no question about defendants' ownership of the three acre tract despite defendants' use of the land. On occasion plaintiff acknowledged defendants' ownership of the tract to them and to others. Without the triangle the total area conveyed was 70 acres; with it the total area was 73+ acres, closer to the 75 acres stated in the deed. We also believe that plaintiff's explanation that she intended to convey only the deed-described land without reference to what that included to be contrary to usual human experience. Land is usually bought and sold upon the basis of visually apparent tracts and a description is drawn to convey that which is intended. Plaintiff's testimony was that she intended to sell a legally described portion of her land without reference to, or knowledge of, where that land was located.

Taking all of this evidence and the reasonable inferences to be drawn therefrom, we find clear and convincing evidence that it was the intention of the parties to convey the three acre tract to defendants and a mutual mistake in the description used to do so.

We have examined plaintiff's remaining points and find them without merit.

Judgment affirmed.

CLEMENS, McMILLIAN and GUNN, JJ., concur.