Mary E. SPERRER,
Plaintiff-Respondent,

v.

Edward A. SPERRER, guardian of the Person and Estate of Joseph Sperrer, III, Defendant-Appellant.

No. 39110.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Sept. 19, 1978.

Motion for Rehearing and/or Transfer Denied Nov. 15, 1978.

Anton, Raleigh & Wynne, James E. Wynne, St. Louis, for defendant-appellant.

Flynn & Parker, Mark M. Wenner, St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

Plaintiff Mary E. Sperrer, wife of decedent Joseph Sperrer, Jr., filed suit seeking declaration of a resulting trust or other equitable relief in her favor for proceeds from the sale of a house which both she and

her husband had occupied. The trial court, in granting plaintiff the requested relief, based its decision on two alternative theories: (1) either plaintiff's name as a tenant by the entirety was mistakenly omitted on the warranty deed to the house by the scrivener, or (2) decedent's failure to have title transferred to his wife constituted a constructive fraud requiring imposition of a constructive trust of the property or its proceeds in his wife's favor. Defendant Edward Sperrer, legal guardian of decedent's son from a previous marriage appeals on behalf of his ward.

In this court tried case we must sustain the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). We will affirm the judgment if there is any reasonable theory on which to sustain it. *McHenry v. Claspill*, 545 S.W.2d 690, 693[7] (Mo.App. 1976). In the case sub judice, we conclude the judgment should be affirmed on the basis of scrivener error.

The record indicates that plaintiff and Joseph Sperrer, Jr. were married in September 1953 and lived as husband and wife until Mr. Sperrer died in January, 1967. Upon their marriage, plaintiff changed her individual bank account, which contained proceeds from $15,000 she received as property settlement in a previous divorce, into a joint account with her husband. Both plaintiff and her husband wrote checks against this account. Decedent's son by a prior marriage lived with the couple until 1962 when he was placed in Bethesda-Lutheran Home.

In the Fall of 1954 the couple decided to purchase a new home. Changes were made to the design of the house in accordance with plaintiff's wishes. Three witnesses at trial testified that Mr. Sperrer referred to the house in discussions with them as belonging to both him and his wife. Both plaintiff and her husband signed the building contract in October, 1954. The full amount due under this contract was paid in the next six months, and during this period the joint bank account containing plaintiff's money was substantially reduced.

The warranty deed to the property was executed and recorded in February and March, 1955. The deed conveyed the house and lot solely to decedent. Plaintiff did not see this deed until after her husband's death. In March 1955 the couple executed a $25,000 note, secured by a Deed of Trust on their home, which served as collateral for a $5,000 demand note. A new demand note was executed in 1956 in the sum of $4000. This note was renewed in 1958 for $3500, and in 1960 in the sum of $3000. Until the death of Mr. Sperrer, the interest payments on the demand note were taken from the joint bank account containing plaintiff's funds. Two months after her husband's death, when plaintiff paid the $3000 balance remaining unpaid on the note, plaintiff first realized her name was not on the title to the house. An employee of the bank, however, told her that it was not necessary to do anything concerning the title.

After her husband's death plaintiff paid the real property taxes and insurance premiums on the home and made repairs and improvements. In April 1974 plaintiff contracted to sell the home, but on the date of closing found herself unable to sell it since the title was in her husband's name. Plaintiff petitioned the court for appointment of guardian for Joseph Sperrer III, her stepson, and a determination of her husband's heirs since he died intestate. On January 3, 1975 the Probate Court determined that plaintiff and her stepson were the only heirs at law of Mr. Sperrer, and that each succeeded to an undivided ½ interest in the premises. In March 1975 the house was sold by plaintiff and the proceeds were placed in escrow.

Plaintiff instituted the present action in August, 1975 requesting equitable relief which would give her all the proceeds from the sale. The trial court granted judgment to plaintiff. Defendant appeals, and first points out that the trial court erred in concluding that the scrivener mistakenly omit-

ted plaintiff's name as a grantee in the deed because there is no substantial evidence in the record showing the existence of a mutual mistake in omitting the name or mutual agreement that the property be jointly held.

 Equity will reform an instrument which, due to mutual mistake of the parties, does not accurately set forth the terms of the agreement actually made or which does not incorporate the true prior intentions of the parties. *King v. Riley,* 498 S.W.2d 564, 566[4] (Mo.1973); *Edwards v. Zahner,* 395 S.W.2d 185 (Mo.1965). There must be clear and convincing evidence that a mutual mistake has occurred to qualify a court to reform a written instrument. *J. E. Hathman, Inc. v. Sigma Alpha Epsilon Club,* 491 S.W.2d 261, 268[14] (Mo. banc 1973); *Niemeyer v. Stephens,* 515 S.W.2d 65, 66[2] (Mo.App.1974). However, it is not necessary to show the parties agreed on any particular language to be used in the instrument; it is sufficient to show they agreed to accomplish a particular goal and the instrument as executed is insufficient to effectuate their intentions. *Bollinger v. Sigman,* 520 S.W.2d 710, 712[3] (Mo.App.1975).

We believe there is substantial evidence in this case to justify the conclusion that plaintiff's name was left off the deed because of scrivener error. While there is no direct evidence of an express agreement, the intent of the parties is sufficiently clear to indicate an implied agreement existed between the parties that the property would be jointly owned. Where husband and wife together sign the purchase contract, execute a note secured by a deed of trust on the property, and make payments on the property from a joint checking account, and where the husband makes statements to third parties that the house belongs to both him and his wife while the wife assumes she is listed as a joint owner on the deed of the property, there is substantial evidence on which to find a mutual mistake of fact in favor of the wife. *Shaffer v. Dalrymple,* 507 S.W.2d 65, 71[6] (Mo. App.1974). Here, in addition to the above facts, the record shows that decedent di-

rected changes in the building plans according to plaintiff's specifications, and plaintiff invested sizeable sums of money for real estate taxes, insurance, and repairs and improvements during the seven years in which she lived in the house after her husband's death. Based upon this evidence, we find no error in the trial court's judgment.

Defendant also challenges the alternative theory used to support the trial court's judgment regarding the imposition of a constructive trust in favor of plaintiff. It is unnecessary to consider this point since we conclude that the trial court's judgment can be affirmed on the first theory. *In re M. K.,* 493 S.W.2d 686, 688 (Mo.App.1973).

The judgment is affirmed.

SNYDER, J., and ALDEN A. STOCKARD, Special Judge, concur.