Randy L. HAMPTON, Appellant,

v.

AMERICAN FAMILY INSURANCE CO., Defendant.

No. 39919.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 5, 1978.

Motion for Rehearing and/or Transfer Denied Sept. 15, 1978.

Lawrence O. Willbrand, St. Louis, for appellant.

Robert A. Wulff, St. Louis, for defendant.

CLEMENS, Presiding Judge.

Plaintiff, owner and operator of an automobile involved in an accident, sued defendant, his liability insurer, for damages arising from its failure—as allegedly promised—to report the collision to the director of revenue. Section 303.040, RSMo. 1969, declares: "The operator of every motor vehicle which is in any manner involved in an accident . . . shall within ten days . . . report the matter in writing to the director. . . ."

Plaintiff did not report the accident and his failure to do so resulted in a 60-day suspension of his operator's license.

Plaintiff now seeks damages from his insurer, alleging the insurer failed to file the accident report required of plaintiff by § 303.040. Plaintiff alleged: "Defendant's agent and employee assured and represented to plaintiff that if he would sign the necessary accident forms, and he did sign the said forms that defendant would file the necessary Notice of Accident form on plaintiff's behalf with the Department of Revenue, State of Missouri; defendant thereby undertook to file said forms but failed to do so."

The trial court granted defendant's motion to dismiss plaintiff's petition for failure to state a cause of action and plaintiff declined to amend. Plaintiff has appealed from the adverse judgment.

This action is not based on contract—the insurance policy. Under the cited statute it was plaintiff's duty, not defendant's, to report the collision to the director of revenue. Plaintiff first pleaded that defendant's agent gratuitously promised that if plaintiff would sign the report forms the agent would file the report. By interlineation, plaintiff pleaded he did sign the form, but despite an opportunity to amend, plaintiff failed to plead he gave the executed report forms to defendant's agent for delivery to the director of revenue.

The petition pleads a gratuitous promise, i. e., nonfeasance. Possession of the said form by defendant's agent is essential to show defendant undertook to execute the gratuitous promise and thereafter negligently failed to do so, i. e., a misfeasance. This fact is not clearly stated and can barely be inferred from the pleadings. The trial court properly dismissed the petition as it does not aver sufficient facts to sustain a cause of action on the ground of misfeasance.

We move to the discretionary issue of how we should dispose of the appeal. It is a well-entrenched principle of appellate review that when a petition does not sufficiently state the defendant's improper acts the court may, in the interest of justice, remand the case to allow plaintiff to amend. *Schmidt v. Kansas City Distilling Co.*, 90 Mo. 284, 2 S.W. 417, 59 Am.Rep. 16 (1886); *Obermeyer v. Hentschel*, 389 S.W.2d 203[3] (Mo.1965). For example, in an action for injuries sustained when plaintiff fell through a hole in the floor of a railroad car but failed to plead the essential fact that the hole existed when the car was delivered to defendant, the court in its discretion remanded the case rather than reverse it outright. *Markley v. Kansas City Southern Ry. Co.*, 338 Mo. 436, 90 S.W.2d 409[10] (1936). Following this principle, we remand the case to the trial court with directions to allow plaintiff to amend his petition.

Reversed and remanded with directions.

SMITH and McMILLIAN, JJ., concur.