**Randy L. HAMPTON,
Plaintiff-Respondent,**

v.

**AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Defendant-Appellant.**

**No. 42940.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 27, 1981.

Amelung, Wulff & Willenbrock, Robert A. Wulff, St. Louis, for defendant-appellant.

Lawrence O. Willbrand, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This case comes before the court on an appeal by appellant, American Family Mutual Insurance Company (Family), from a jury verdict for respondent, Randy Hampton in the amount of $7,200. Respondent alleges in Count I that he carried automobile insurance with appellant when appellant's agent failed to file a Missouri state accident report form on behalf of the respondent with the Missouri Department of Revenue, and that this failure resulted in revocation of respondent's operator's license. Respondent alleges in Count II that he had automobile insurance coverage with appellant, and that appellant cancelled said coverage in 1976 without notification which is required by statute. Appellant claims that it did not issue an insurance policy protecting respondent at the time of the alleged negligent acts, and therefore owed no duty to respondent on either count.

The evidence reveals that on September 22, 1975, respondent was involved in an automobile accident in St. Louis. His insurer at the time was American Standard Insurance Co. of Madison, Wisconsin (Standard). The next day he called his agent, James Nissen. Mr. Nissen represented The American Family Insurance Group which consists of Standard, Family, American Family Life Insurance Company and American Family Financial Services. Nissen settled the claim and then arranged on behalf of respondent to send respondent's completed accident report form to Jefferson City. The report never arrived. Respondent's driver's license was suspended for two months for failure to file an accident report. Nissen thereafter notified the Department of Revenue and explained his fail-

ure to file the report form and respondent's license was reinstated.

On October 1, 1976, respondent failed to pay his insurance premium to Standard, and his policy therefore lapsed for non-payment. Respondent did not become aware of this fact until the next January when he was involved in another accident, at which point Standard's agent informed him that he was no longer insured.

Respondent brought suit. He named as the defendant, American Family Insurance Company in his second amended petition after our court in *Hampton v. American Family Insurance Company*, 571 S.W.2d 447 (Mo.App.1978) granted plaintiff leave to amend. During this trial respondent was granted leave to correct the name of the defendant when it was discovered that American Family Insurance Company was not a legal entity. He amended his petition and named as defendant, American Family Mutual Insurance Company.[1]

The confusion apparently arose because American Family Mutual Insurance Co. and American Standard Insurance Co. of Madison, Wisconsin are both members of the American Family Insurance Group. American Family Group is the parent company of two other companies in addition to the two involved in this case. The four companies are all independently incorporated and separately managed. Appellant's contentions are (1) that appellant and Standard are separate and distinct entities and both are represented by an independent agent and at the time of the alleged failures, the agent was the agent of Standard, and not of appellant, and (2) that Standard had written the policy of insurance to cover the respondent and therefore appellant owed no duty to respondent to notify him of the termination of Standard's policy.

Respondent's reply rests on two assumptions, first that appellant and Standard are interchangeable corporate components of American Family Group and therefore appellant would be liable for Standard's failures; and second, that the alleged negligence of Nissen, as employee of American Family Group, imposes liability on any or all of the member companies.

Respondent errs in that Nissen is neither an employee of American Family Group or of the individual companies, but is rather an independent contractor. Evidence reveals that the Group does not exercise close supervision of Nissen's work; his payment is by commission; he does not have regular weekly hours; and he provides his own work office and supplies. *Clive v. Carthage Crushed Limestone*, 504 S.W.2d 102 (Mo.); Restatement (Second) of Agency § 220 (1957). Although there may be a question of a principal's liability for the negligence of an independent contractor as presented here, we need not reach that issue since appellant was not the principal when Nissen's alleged negligent act occurred, and therefore, had no duty to the respondent.

Respondent argues however, that Standard and appellant are interchangeable, and that one company may stand in the shoes of the other. Respondent is ignoring the corporate separateness of the two companies. This reasoning must fail as a matter of law. We stated in *Camelot Carpets v. Metro Distributing Co.*, 607 S.W.2d 746 (Mo.App. 1980) the applicable law in Missouri:

> Generally speaking, the test is whether or not the arrangement between the two corporations is being employed for a proper purpose .... If the corporate affiliation is devised or being used to perpetrate fraud or injustice or accomplish some unlawful purpose, equity will interpose to tear down technical legal barriers and pierce through the corporate veil in order to impose liability or grant relief. But on the other hand, if the purpose to be served by the arrangement is fair and lawful, then legal forms and relationships are to be observed and the case determined upon the basis of separate and individual corporate existence.

Camelot Carpets, *supra* at 749–750; (Quoting from *Lawton-Byrne-Bruener Ins. Agen-*

---

1. There is no explanation why respondent opted the name of the appellant as defendant rather than American Standard Ins. Co. of Madison, Wisconsin.

cy v. *Stiers Bros. Const. Co.*, 186 S.W.2d 480 (Mo.App.1945).

In the case before us, American Family Group established four different companies for the lawful purpose of providing insureds with companies that specialize in different coverages of insurance. Standard, for example, which is a stock insurance company, specializes in high risk insurance, whereas Family, a mutual insurance company, does not underwrite high risk insurance.

The American Family Group companies were not separate entities "only on paper." They did not pool their resources or consolidate their service departments. *See, Schwartz v. Shelly Constr. Co.*, 338 S.W.2d 781 (Mo.1960). Each company in the group has its own claims department; each company employs separate branch underwriting managers; applications for insurance are reviewed separately under different standards; and each company wrote its own policies and they could not be transferred from one company to the other. There was no showing of fraud or injustice on the part of appellant in maintaining its membership in the American Family Group. Standard and the appellant are separate corporate entities.

It is clear that Family was not the insurer of plaintiff when Nissen failed to mail in the accident forms, nor was it the insurer when respondent's policy lapsed for nonpayment in 1976. Accordingly we reverse the trial court's denial of appellant's motion for directed verdict, and dismiss the case.

WEIER and GUNN, JJ., concur.